UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN R. BLACK,

        Petitioner,

                                            CASE NO. 11-cv-13784

v.                                       HONORABLE LAWRENCE P. ZATKOFF

DETROIT POLICE,

        Respondent.

_____/

**ORDER DISMISSING THE HABEAS PETITION AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This matter is pending before the Court on Ivan R. Black's habeas corpus petition under 28 U.S.C. § 2254. The petition challenges Petitioner's 2004 Wayne County conviction for attempted possession of less than 25 grams of a controlled substance. The grounds for relief are: (1) I was using less than $200.00 in crack daily; (2) . . . The only reason I took the case (lied) is that I just wanted to get out of jail; (3) I did not possess any cocaine nor any federal reserve notes in those amounts; and (4) "when't" school to up grade my education basics.

A threshold question is whether Petitioner is "in custody" pursuant to the judgment of conviction that he seeks to attack. A federal district court may entertain an application for the writ of habeas corpus under 28 U.S.C. § 2254 only if the prisoner is "in custody" in violation of federal law. 28 U.S.C. §§ 2241(c)(3) and 2254(a). The Supreme Court has interpreted this language to mean that a habeas petitioner must "be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)) (emphasis added). The Supreme Court has never held "that

a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491 (emphasis in original). In fact, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492.

Records maintained by the Michigan Department of Corrections on its official website indicate that Petitioner was sentenced on May 19, 2004 to six months in jail for his drug conviction. He was discharged from the sentence on August 3, 2004, and is currently incarcerated for an assault that occurred on December 12, 2006.[1] Petitioner filed his habeas corpus petition on August 30, 2011, long after fully serving the sentence for the drug conviction under attack.

The United States Court of Appeals for the Sixth Circuit recently stated that "a defendant is presumed to suffer collateral consequences from a conviction even after the sentence has expired" because "'most criminal convictions do in fact entail adverse collateral legal consequences.'" *United States v. Ashraf*, 628 F.3d 813, 821 (6th Cir. 2011) (quoting *Spencer v. Kemma*, 523 U.S. 1, 12 (1998)). Petitioner, however, has not alleged the possibility of any tangible collateral consequences from his drug conviction. Therefore, he has not satisfied the "in custody" requirement, and the Court lacks jurisdiction to adjudicate the merits of his claims.

Even if the habeas petition were not moot, Petitioner concedes that he never appealed the judgment of conviction under attack. *See* Pet. at 2-3. Consequently, he has not exhausted state remedies for his claims. *See* 28 U.S.C. § 2254(b)(1). His claims also may be barred from substantive review by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=497061.

For the reasons given above, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED** without prejudice.

It is further **ORDERED** that a certificate of appealability is **DENIED** because a procedural bars exists, and reasonable jurists would not find it debatable "whether the petition states a valid claim of the denial of a constitutional right" or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is further **ORDERED** that Petitioner may proceed *in forma pauperis* on appeal without further authorization because he was permitted to proceed *in forma pauperis* in the District Court. FED. R. APP. P. 24(a) (3).

IT IS SO ORDERED.


    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: September 21, 2011

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 21, 2011.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290