UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICK V. BROWN,

        Plaintiff,

v.                                    CASE NO. 11-13010
                                      HON. LAWRENCE P. ZATKOFF
PEGGY WINTERS-HALL,
CONSTANCE WAMBOLD,
JOHN BERNSTEIN, ORA CARTER,
and CHRISTOPHER CONACHAN,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is pending before the Court on plaintiff Erick V. Brown's motion for reconsideration of the Court's order summarily dismissing his civil rights complaint. The complaint arose from disciplinary action taken against Plaintiff at Thumb Correctional Facility in 2008. Plaintiff was found guilty of accomplice to escape for assisting an inmate named Cannon in trying to escape from the correctional facility. The Court summarily dismissed Plaintiff's civil rights complaint on grounds that Plaintiff's claims were frivolous and failed to state a claim for which relief may be granted. Plaintiff alleges in his motion for reconsideration that the Court misconstrued the facts regarding his claim about defendants Winters-Hall and Conachan and that the Court mistakenly believed he reviewed a videotape of the disputed incident at the misconduct hearing.

### I.  Standard of Review

Plaintiff's motion for reconsideration is governed by this District's local rules, which require the movant to "show both that there is a palpable defect in the opinion and that correcting the defect

will result in a different disposition of the case." *Indah v. United States Securities and Exchange Commission*, __ F.3d __, __, Nos. 09-2117, 09-2570, 10-1477, and 10-1837, 2011 WL 3890226, at *7 (6th Cir. Sept. 6, 2011) (citing what is now E.D. Mich. Local Rule 7.1(h)(3)). "The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration." *Id*. "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E. D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E. D. Mich. 2001)).

## II. Discussion

Plaintiff alleges that defendant Winters-Hall fabricated inculpatory evidence by stating: "At 1907 [hours] on the [video]tape, I observed prisoner Cannon #208773 appear to exit the unsecured window. I identified prisoner Brown #240599 . . . in the area assisting Cannon." Plaintiff says that he has never asserted that Winters-Hall was mistaken when she identified him on the videotape as cleaning the dining hall at 1923 hours. He claims instead that Winters-Hall misidentified him as being present at 1907 hours when Cannon exited the window. According to Plaintiff, this evidence was prejudicial because it established that he had prior knowledge of Cannon's misconduct.

Plaintiff also alleges that the Court misconstrued the facts regarding defendant Conachan. Plaintiff contends that defendant Conachan did not review the videotape before the disciplinary hearing to determine whether the tape contained exculpatory evidence or whether there were security reasons for not disclosing the content of the videotape to Plaintiff. Plaintiff maintains that Conachan would have discovered exculpatory evidence if he had viewed the tape. Finally, Plaintiff alleges that he should have been permitted to view the videotape and that the Court was mistaken when it stated in its order of dismissal that Plaintiff viewed the videotape with the hearing officer.

The Court did state in its order of dismissal that Plaintiff and the hearing officer reviewed the videotape together at the re-hearing. *See* order summarily dismissing the complaint, dkt. #8, at 5. The actual hearing report states: "[v]ideotape was watched in its entirety by Hearings Officer and discussed with prisoner." This could mean that only the hearing officer viewed the videotape. Nevertheless, even assuming that the Court was mistaken in believing that Plaintiff viewed the videotape, it is clear from the quoted language that the hearing officer viewed the videotape. And he indicated in his report that the tape shows Plaintiff going to the window area, picking up a table, and leaving a mop behind. The tape then shows inmate Cannon come into the chow hall and start mopping the floor. There was additional evidence that Plaintiff propped up the table to block the correctional officers' view of Cannon.

These facts suggest that Plaintiff assisted Cannon by trying to cover-up his attempted escape. Therefore, even if Court was mistaken about Plaintiff viewing the videotape and about Winters-Hall fabricating evidence or defendant Conachan not viewing the videotape, the record supports the hearing officer's finding that Plaintiff was guilty of accomplice to an escape. Plaintiff, moreover, had no right to view the videotape because state officials maintained that releasing the videotape to Plaintiff would jeopardize the safety and security of the correctional facility by revealing the facility's video-monitoring capabilities. *Cf. Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) (stating that inmate Piggie would not have been entitled to disclosure of the videotape "if his viewing the tape would entail a security risk" and that the Court of Appeals "had no trouble approving of non-disclosure where prison officials have asserted a bona fide security justification, for example, that if the inmate were permitted to watch the tape, he might learn the location and

capabilities of the prison surveillance system, thus allowing him to avoid detection in the future").

The Court concludes that correcting the alleged defects in the Court's order of dismissal does not require a different disposition of the case. Accordingly, Plaintiff's motion for reconsideration [dkt. #11] is DENIED.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated:  November 8, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 8, 2011.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290